Nott, J.
who concurred, delivered the following opinion.
The question, how far the decree of an ordinary is conclusive of the rights of the parties, though frequently agitated, has never yet, that I am aware of, been definitely settled in our Courts. I will, therefore, avail myself of this opportunity to express my own views on the subject. An executor or administrator cannot be called to an account in a Court of Law ; and it has frequently been decided, that an administrator cannot be sued on his bond, until his accounts have been settled by the ordinary. That may be done in one of two ways ; either by a citation at the instance of the party interested, requiring him to appear before the ordinary to render an account of his administration ; or on his own mere motion in obedience to the law which requires him to account annually. In either case the decree must be conclusive in a Court of Law for the reason above stated, namely, that a Court of Law cannot go into a settlement of the account.
A party interested in the estate has his option to go into the Court of Equity, or to the ordinary; and after applying to the ordinary, it will not lie with him to say, that he will not be bound by the decree. If either party is dissatisfied with the decree, he *132 has a right to appeal, and if he neglect to avail himself of that right in due time, he is concluded by his acquiescence.
An exparte settlement with the ordinary by an administrator is not conclusive on the parties interested in the estate : They may notwithstanding call him to an account in a Court of Equity ; and the decree will be no bar. It must, however, be conclusive m a Court of Law; for as the Court cannot inquire into the accounts, the party can only recover what has been ascertained by the ordinary to be due: And, by suing in a Court of Law, he impliedly admits the correctness of the decree. It must be conclusive against the defendant, because he will not be permitted to gainsay his own act. I therefore concur in the opinion which has been delivered in this case.
Motion refused.